IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FIDELITY AND DEPOSIT COMPANY OF MARYLAND**<br>1299 Zurich Way<br>Schaumburg, IL 60196,<br><br>            Plaintiff,<br><br>            v.<br><br>**AMTHOR STEEL, INC.**<br>1717 Gaskill Avenue<br>Erie, PA 16503,<br><br>**CARRARA STEEL, INC.**<br>1110 Payne Avenue<br>Erie, PA 16503,<br><br>**CARRARA STEEL ERECTORS, INC.**<br>1110 Payne Avenue<br>Erie, PA 16503,<br><br>**JOSEPH E. SADLER** and **HARRY D. MARTIN, in their capacity as Executors of the Estate of Richard L. Carrara, Deceased**<br>1741 West 26th Street<br>Erie, PA 16508,<br><br>**TERRY J. CARRARA** and **PAULA A. CARRARA**<br>715 Elizabeth Lane<br>Erie, PA 16505,<br><br>**PATRICK S. CARRARA** and **TARA L. CARRARA**<br>311 West Arlington Road<br>Erie, PA 16509,<br><br>and | CIVIL ACTION<br><br>NO. |

| | |
|---|---|
| **KIM R. CARRARA** and **SUZANNE LYNN CARRARA**<br>3861 Dunn Valley Road<br>Erie, PA 16509,<br><br>　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiff Fidelity and Deposit Company of Maryland files this Complaint against defendants Amthor Steel, Inc., Carrara Steel, Inc., Carrara Steel Erectors, Inc., Joseph E. Sadler and Harry D. Martin (in their capacity as Executors of the Estate of Richard L. Carrara, Deceased), Terry J. Carrara, Paula A. Carrara, Patrick S. Carrara, Tara L. Carrara, Kim R. Carrara and Suzanne Lynn Carrara, and in support thereof avers as follows:

### Parties

1)	Plaintiff Fidelity and Deposit Company of Maryland (hereinafter "F&D") is a Maryland corporation with its principal place of business located at 1299 Zurich Way, Schaumburg, IL 60196.

2)	Defendant Amthor Steel, Inc. ("Amthor") is a Pennsylvania corporation with its principal place of business located at 1717 Gaskell Avenue, Erie, PA 16503.

3)	Defendant Carrara Steel, Inc. ("Carrara Steel") is a Pennsylvania corporation with its principal place of business located at 1110 Payne Avenue, Erie, PA 16508.

4)	Defendant Carrara Steel Erectors, Inc. ("CSE") is a Pennsylvania corporation with its principal place of business located at 1110 Payne Avenue, Erie, PA 16508.

5)	Defendants Joseph E. Sadler and Harry D. Martin are the Executors of the Estate of Richard L. Carrara, Deceased, with an office located at 1741 West 26th Street, Erie, PA 16508. Richard L. Carrara, deceased, is the former President of Amthor, Carrara Steel and CSE.

6) Defendants Terry J. Carrara and Paula A. Carrara are individuals and citizens of Pennsylvania who reside at 715 Elizabeth Lane, Erie, PA 16505. Terry J. Carrara is the President of Amthor, Carrara Steel and CSE. Paula A. Carrara is the wife of Terry J. Carrara.

7) Defendants Patrick S. Carrara and Tara L. Carrara are individuals and citizens of Pennsylvania who reside at 311 West Arlington Road, Erie, PA 16509. Patrick S. Carrara is the Secretary of Amthor, Carrara Steel and CSE. Tara L. Carrara is the wife of Patrick S. Carrara.

8) Defendants Kim R. Carrara and Suzanne Lynn Carrara are individuals and citizens of Pennsylvania who reside at 3861 Dunn Valley Road, Erie, PA 16509.

## Jurisdiction and Venue

9) Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332(a) in that the state of incorporation and the principal place of business of the plaintiff is diverse to that of the citizenship of all of the defendants, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10) Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the claims that caused F&D to incur the expenses that are the subject of this litigation were litigated in this judicial district.

## Background Facts

**A.   The Indemnity Agreements**

11) Amthor, Carrara Steel, and CSE are engaged in the construction industry, and occasionally are in need of surety bonds for the operation of their businesses.

12) On August 17, 1993, Amthor, as "Contractor," and Carrara Steel and CSE, as "Indemnitors," made, executed and delivered their joint and several Agreement of Indemnity (the "1993 Indemnity Agreement") in favor of F&D, as "Surety." A true and correct copy of the 1993 Indemnity Agreement is attached hereto as Exhibit "A."

13) Thereafter, on August 18, 2006, Amthor, as Contractor and as Indemnitor, and Carrara Steel, CSE, and Richard L. Carrara, as Indemnitors, executed a second joint and several Agreement of Indemnity (the "2006 Indemnity Agreement") in favor of Zurich American Insurance Company ("Zurich"), its affiliate F&D, and other affiliates and subsidiaries of Zurich, as Surety. A true and correct copy of the 2006 Indemnity Agreement is attached hereto as Exhibit "B."

14) Upon information and belief, Richard L. Carrara died on April 9, 2012.

15) Thereafter, on December 17, 2012, Amthor, as Contractor and as Indemnitor, and Carrara Steel, Inc., CSE, Terry J. and Paula A. Carrara, Patrick S. and Tara L. Carrara, and Kim R. and Suzanne Lynn Carrara, as Indemnitors, executed a third joint and several Agreement of Indemnity (the "2012 Indemnity Agreement") in favor of Zurich, its affiliate F&D, and other affiliates and subsidiaries of Zurich, as Surety. A true and correct copy of the 2012 Agreement of Indemnity is attached hereto as Exhibit "C."

16) The 1993 Indemnity Agreement, the 2006 Indemnity Agreement, and the 2012 Indemnity Agreement are collectively referred to the "Agreements of Indemnity."

17) Among other provisions, the Agreements of Indemnity each contain the following indemnity provision:

### INDEMNITY

> SECOND: The Contractor and Indemnitors shall exonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interests, court costs and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Contractor or Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement. Payment by reason of the aforesaid causes shall be

17988890v.1

made to the Surety by the Contractor and Indemnitors as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefor. Such payment shall be equal to the amount of the reserve set by the Surety. In the event of any payment by the Surety the Contractor or the Indemnitors further agree that in any accounting between the Surety and Contractor, or between the Surety and Indemnitors, or either or both of them, the Surety shall be entitled to charge for any and all disbursements made by it in good faith in and about the matters herein contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disturbed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed; and that the vouchers or other evidence of any such payments made by the Surety shall be *prima facie* evidence of the fact and amount of the liability of the Surety.

18) Further, among other provisions, the Agreements of Indemnity each contain the following "Other Indemnity," as follows:

**OTHER INDEMNITY**

SIXTEENTH: That the Contractor and Indemnitors shall continue to remain bound under the terms of this Agreement even though the Surety may have from time to time heretofore or hereafter, with or without notice to or knowledge of the Contractor and the Indemnitors, accepted or released other agreements of indemnity or collateral in connection with the execution or procurement of said Bonds, from the Contractor or Indemnitors or others, it being expressly understood and agreed by the Contractor and the Indemnitors that any and all other rights which the Surety may have or acquire against the Contractor and the Indemnitors and/or others under any such other or additional agreements of indemnity or collateral shall be in addition to, and not in lieu of, the rights afforded the Surety under this Agreement.

19) By virtue of this "Other Indemnity" provision, the 1993 Indemnity Agreement and the 2006 Indemnity Agreement remain in full force and effect, even though subsequent indemnity agreements have been executed.

**B.    The 2013 Rider**

20) As a rider to the 2012 Indemnity Agreement, on April 11, 2013, Amthor, Carrara

17988890v.1

Steel, CSE, Terry J. and Paula A. Carrara, Patrick S. and Tara L. Carrara, and Kim R. and Suzanne Lynn Carrara, as the "Other Indemnitors," executed a "Rider to General Agreement of Indemnity – Pending Issue re: Estate Execution" (the "2013 Rider"), which addressed the parties' understanding and agreement concerning the Estate of Richard L. Carrara and the 2012 Indemnity Agreement. A true and correct copy of the 2013 Rider is attached hereto as Exhibit "D."

21) Among other provisions, the 2013 Rider contains the following:

> 3. The Estate Indemnitor has now advised that the Estate Indemnitor may not be authorized to execute the [2012 Indemnity Agreement] (which issue is the "Estate Execution"). Surety, the Other Indemnitors, and the Estate Indemnitor are in ongoing discussions regarding the Estate Execution. In the event the Estate Indemnitor does not execute the [2012 Indemnity Agreement] within 60 days of the date of this Rider, Surety shall require additional security and/or collateral in form, substance and amount acceptable to Surety, in lieu of the Estate Execution, to support Bonds (the "Additional Security").

22) Further, among other provisions, the 2013 Rider contains the following:

> 6. Surety hereby accepts the execution of the [2012 Indemnity Agreement] by the Other Indemnitors on condition that such acceptance does not waive or limit any rights or remedies of Surety under the [2012 Indemnity Agreement] (including the Rider) or the Indemnity Letter against the Estate Indemnitor, the Other Indemnitors, or any other person or entity, at law or in equity, including the Surety's right to the Additional Security in accordance with paragraph 2 above.

23) Further, among other provisions, the 2013 Rider contains the following:

> 7. The [2012 Indemnity Agreement] is in addition to and not in lieu of any Agreement of Indemnity which may have been previously executed by any entity or person.

**C.    The Wanamaker Plaza Bonds**

24) In reliance upon the Agreements of Indemnity, on or about September 11, 2012, F&D, as surety, issued on behalf of Amthor, as principal, its certain Labor and Material Payment

Bond (the "Payment Bond') and its certain Performance Bond (the "Performance Bond"), in favor of the Torcon, Inc., as obligee, in the penal sum of $9,628,700.00. True and correct copies of the Payment Bond and Performance Bond are attached hereto as Exhibits "E" and "F," respectively.

25) The Payment Bond and Performance Bond were written in regard to Amthor's subcontract for the structural steel package for the Wanamaker Plaza North Tower project located in Philadelphia, Pennsylvania (the "Project").

26) F&D thereafter received a number of claims under the Payment Bond and a claim under the Performance Bond for the Project, and was named as a defendant in a number of civil actions in the Philadelphia County Court of Common Pleas in regard to the claims under the Payment Bond and the Performance Bonds and the Project (the "Bond Claims").

27) F&D retained counsel to defend itself in regard to the Bond Claims.

28) The Bond Claims have now all settled, however, F&D has incurred expenses in excess of $120,000.00 in regard to the Bond Claims.

29) Pursuant to its rights under the Agreements of Indemnity and under common law, F&D has made repeated indemnity demands upon the Indemnitors for reimbursement of the expenses which it has incurred in regard to the Bond Claims.

30) Despite demand, to date the Indemnitors have not indemnified F&D for the expenses incurred by F&D in regard to the Bond Claims.

### COUNT I – Breach of the Agreements of Indemnity

31) F&D incorporates by reference the averments of Paragraphs 1 through 29, above, as if fully set forth herein.

32) Under the terms and conditions of the Agreements of Indemnity, the Defendants,

joint and severally, promised that they would exonerate, indemnify, and keep indemnified F&D from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including attorneys fees) incurred by F&D as a result of F&D executing bonds on behalf of Amthor.

33) The Payment Bond and the Performance Bond in question were executed by F&D on behalf of Amthor, and, due to the Bond Claims, F&D has incurred expenses by reason of having issued and executed the Payment Bond and Performance Bond.

34) To date F&D's expenses that it has incurred as a result of issuing the Payment Bond and Performance Bond exceed $120,000.00.

35) The failure of defendant Indemnitors to indemnify F&D for these expenses, despite demand, constitutes a breach of the Agreements of Indemnity.

36) F&D has been damaged by this breach by the defendant Indemnitors, and is entitled to judgment.

WHEREFORE, plaintiff Fidelity and Deposit Company of Maryland demands judgment in its favor and against defendants Amthor Steel, Inc., Carrara Steel, Inc., Carrara Steel Erectors, Inc., Joseph E. Sadler and Harry D. Martin (in their capacity as the Executors of the Estate of Richard L. Carrara), Terry J. and Paula A. Carrara, Patrick S. and Tara L. Carrara, and Kim R. and Suzanne Lynn Carrara, in the amount in excess of $120,000.00, together with interest, costs and expenses, including attorneys' fees, and such other and further relief as the Court deems appropriate.

## COUNT II – Common Law Indemnity

37) F&D incorporates by reference the averments of Paragraphs 1 through 35, above, as if fully set forth herein.

17988890v.1

38) As surety, F&D is entitled, under common law principles of indemnification, to be indemnified by Amthor for the losses and expenses it has incurred to date in regard to the Bond Claims.

39) To date, F&D has incurred expenses that total in excess of $120,000.00 in regard to the Bond Claims.

40) Despite demand, Amthor has failed to indemnify F&D for these expenses incurred in regard to the Bond Claims.

WHEREFORE, Plaintiff Fidelity and Deposit Company of Maryland demands judgment in its favor against defendant Amthor Streel, Inc. in the amount in excess of $120,000.00, together with interest, costs and expenses, including attorneys' fees, and such other and further relief as the Court deems appropriate.

November 28, 2016

WHITE and WILLIAMS LLP

By: _____
William J. Taylor
Craig H. O'Neill

Identification Nos. PA 40794 / 84178
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA  19103-7395
T: (215) 864-6305
F: (215) 789-7670

Attorneys for Plaintiff
Fidelity and Deposit Company of Maryland